IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


UNITED STATES OF AMERICA,                 3:11-CV-00554-BR

        Plaintiff,

                                        OPINION AND ORDER

v.

ROBERT G. HARKINS; JUDY J.
HARKINS; OFFICE OF OVERSEER
ROBERT G. HARKINS; PUDDING
CREEK MINISTRIES; AMERICAN
FAMILY ENTERPRISE, INC.;
BONDAGE BREAKERS;
CITIMORTGAGE, INC.; FIRST
NATIONAL BANK OF OMAHA;
DISCOVER BANK; FIA CARD
SERVICES, N.A.,

        Defendants.


S. AMANDA MARSHALL
United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**KARI MADRENE LARSON**
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683
Washington, D.C. 20044-0683
(202) 616-3822

      Attorneys for Plaintiff

**ROBERT G. HARKINS**
**JUDY J. HARKINS**
7951 Pudding Creek Dr. S.E.
Salem, OR 97301

      Defendants, *Pro Se*

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#55) to Request Trial By Jury of Robert and Judge Harkins (Harkins Defendants). For the reasons that follow, the Court **DENIES** Harkins Defendants' Motion.

## BACKGROUND

    On May 6, 2011, the government filed this action against Defendants seeking (1) to reduce to judgment federal tax assessments against Harkins Defendants; (2) to obtain a declaration from the Court that the real property located in Marion County, Oregon (Pudding Creek property), is held by a nominee or alter ego of Harkins Defendants or, in the alternative, that transfers of the Pudding Creek property were fraudulent transfers that should be set aside; (3) to foreclose

2 - OPINION AND ORDER

federal tax liens on the Pudding Creek property; and (4) to sell the Pudding Creek property and to distribute the proceeds in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

On October 11, 2011, Harkins Defendants filed an Answer, which did not include a jury demand.

On November 23, 2011, Harkins Defendants filed a Motion to Request Trial By Jury.

## DISCUSSION

Federal Rule of Civil Procedure 38(b)(1) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
>
>> (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served.

The last pleading directed to the issue of a jury trial in this matter was Harkins Defendants' Answer. Harkins Defendants, however, did not file their jury demand within 14 days of their Answer. Accordingly, the Court concludes Defendants' Motion is untimely pursuant to Rule 38(b).

The Court has discretion under Federal Rule of Civil Procedure 39(b) to order a jury trial when a party fails to comply with the time limit set out in Rule 38(b). The Ninth Circuit, however, has narrowly construed the Court's discretion

3 - OPINION AND ORDER

under Rule 39(b). *See, e.g., Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins.*, 239 F.3d 1000, 1002 (9th Cir. 2001)(The court's "discretion [under Rule 39(b)] is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."). The Ninth Circuit has made clear that Rule 39(b) does not permit a court to grant relief from the time limit set out in Rule 38(b) if the failure to file a timely jury demand is the result of oversight, inadvertence, or lack of familiarity with the Federal Rules of Civil Procedure. *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994).

Harkins Defendants assert they are entitled to relief under Rule 39(b) because they are *pro se* litigants. The Ninth Circuit, however, has concluded a *pro se* litigant's "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002)(citing *Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir.2001)).

The Court, therefore, concludes Harkins Defendants' jury demand is untimely under Rule 38(b) and that the Court lacks discretion to grant Harkins Defendants relief under Rule 39(b).

Accordingly, the Court denies Harkins Defendants' Motion to Request Trial By Jury.

4 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Harkins Defendants' Motion (#55) to Request Trial By Jury.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

_____
ANNA J. BROWN
United States District Judge